# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**SAMUEL N. ANDERS**                                                       **PETITIONER**

**v.**                                                       **No. 1:10CV117-P-A**

**SHERIFF CHARLES RHEINHART, ET. AL.**               **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Samuel N. Anders for a writ of *habeas corpus* under 28 U.S.C. § 2241. The state has moved to dismiss the petition for failure to state a constitutional claim. Anders has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the instant petition dismissed for failure to state a claim upon which relief could be granted.

### Facts and Procedural Posture

Samuel Anders was indicted in the Circuit Court of Alcorn County, Mississippi for the crime of passing a check under false pretenses on December 20, 2000, in Cause No. 00-499. It appears that the state could not locate Anders at the time of his indictment. Anders later entered the custody of the United States Bureau of Prisons (B.O.P) on federal charges. Anders was, however, released from federal custody on April 6, 2010 – prior to filing his April 28, 2010 federal petition for a writ of *habeas corpus*. The Alcorn County Sheriff's Department received Anders on April 8, 2010. On July 20, 2010, Anders was arraigned on his Alcorn County charges, and his prosecution is currently progressing. The arraignment order indicates that "this cause is continued on the motion of the Defendant and set for trial during the next regularly scheduled term on a date to be set by the Court prior to that term by separate order." On July 28, 2010, Anders was released on his own recognizance pending a court appearance scheduled for

October 21, 2010. Although Anders also pled guilty to several misdemeanor false pretenses charges, he was not sentenced to any period of incarceration on those charges. As such, *habeas corpus* is not available to provide relief on the misdemeanor charges.

Anders filed his federal petition for a writ of *habeas corpus* as a pre-trial detainee under 28 U.S.C. §2241. In his petition, he argues the state violated his right to a speedy trial and seeks an order from this court requiring any future state sentence resulting from his Alcorn County, Mississippi case be ordered to be run concurrently with his expired federal sentence. Thus, the present petition challenges only Anders' circuit court charges and any future sentence resulting from them.

### Denial of the Right to a Speedy Trial

Anders has not yet been convicted and sentenced and is thus not a state inmate, but a county inmate. As such, Anders is a pre-trial detainee, and the court will evaluate his federal petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. A pre-trial detainee has a right to seek federal habeas relief. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-489, 93 S.Ct. 1123 (1973). A claim for federal *habeas corpus* relief, however, "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. Indeed, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. That is, however, precisely what Anders seeks to do in his current federal petition for a writ of *habeas corpus*, and he has not set forth any special circumstances for prematurely adjudicating the merits of his affirmative defense that the state has violated his right to a speedy trial. For this reason alone Anders' speedy trial claim should be dismissed.

Anders argues that the state has violated his right to a speedy trial by failing to locate and

arrest him while he was a fugitive from Mississippi authorities – and while he served a federal sentence with the United States Bureau of Prisons. Anders has not presented any authority to support his claim that the State of Mississippi had a duty to locate him, bring him to Mississippi, and prosecute him for his state crimes. In addition, Anders argues in his response to the state's motion to dismiss that he believed he was no longer wanted by Mississippi authorities. He believes that Mississippi authorities should have "drive[n] to Memphis to receive the petitioner while he was in jail picked up on a Mississippi warrant" during several times when he was held in a Memphis, Tennessee jail.[1] As Mississippi authorities did not do so, Anders assumed that the authorities were no longer seeking him. His assumption was wrong. Anders has cited no authority to support his argument that Mississippi had a duty to prosecute him at an earlier time than it did. In addition, he has made no claim implicating the Constitution, laws, or treaties of the United States. This is an independent reason to reject Anders' claims.

For these reasons the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of January, 2011.

/s/ W.Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Anders has overlooked the easiest and most direct path to procuring a speedy trial – a solution totally under his control (if he had truly wanted a speedy trial). During the time he was a fugitive from justice he could have simply turned himself in to Mississippi authorities and requested a prompt trial.